(No. 2847— ▬▬▬)

MATERIAL SERVICE CORPORATION, a Corporation, claimant, *vs.* STATE OF ILLINOIS, respondent.

*Opinion filed September 10, 1936.*

D'ANCONA, PFLAUM & KOHNSAAT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award for One Hundred Thirty Eight and 34/100 ($138.34) Dollars for a balance due on orders for sand, stone and cement, bought by respondent through the Division of Highways. The account consists of three items, the first being for a balance of Twenty Six and 52/100 ($26.52) Dollars arising out of a conflict in two purchase orders dated May 10, 1929. As plaintiff's claim was not filed in the Court of Claims until February 20, 1936 and a period of five years has elapsed since the claim first accrued, no award can be made therefor as the Act creating the Court of Claims provides,

"Every claim against the State, cognizable by the Court of Claims shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues."

Sec. 10, Act creating Court of Claims, etc., approved June 25, 1917.

It further appears that on July 22, 1933 and on July 25, 1933 claimant sold and delivered to respondent at the Illinois State Penitentiary at Joliet 41.37 yards of sand at an agreed price of Forty Seven and 25/100 ($47.25) Dollars, being invoice No. 71533. Payment therefor has not been made, but credit memoranda of Fourteen and 61/100 ($14.61) Dollars are admittedly due leaving a balance due claimant in the sum of Thirty Two and 64/100 ($32.64) Dollars.

On May 31, 1935 a further order for sand was placed with claimant at an agreed price of Sixty Four and 57/100 ($64.57) Dollars.

A letter dated April 30, 1936 from the Warden to Director Bowen states that the State records show receipt of the material in question. It further appears that said bills were not paid because they were not cleared before the appropriation out of which they might have been paid had lapsed.

Where the State has received material or supplies delivered on valid orders therefor and payment has not been made because of the lapse of the appropriation out of which payment could have been made, an award for the amount due will be made. (*Rock Island Sand & Gravel* vs. *State*, 8 C. C. R. 165.)

AN AWARD IS THEREFORE MADE in favor of claimant in the sum of Ninety Seven and 21/100 ($97.21) Dollars, in full discharge of its claim.